By the common law, the prisoner was allowed to challenge thirty-five jurors, without assigning any cause; if he challenged more, without cause shown, he was treated in the same manner as if he had stood mute, and had sentence to suffer most cruel death (481) for his obstinacy and contempt of the court.
By the Stat. 22, H. 8, ch. 14, the prisoner is restrained from challenging more than twenty peremptorily, and from that to this in England, and from the establishment of the government of this country under the charter of King Charles 2, until the session of Assembly in 1777, the practice has uniformly been, that if a prisoner, after making peremptory challenges to the number of twenty, and after made further challenge, without showing cause, such further challenge was disallowed and prevented, and the jurors sworn. One reason given by Hale, in his history of the Pleas of the Crown, 2d 270, why, if a prisoner challenge more than twenty peremptorily, such challenge shall be overruled, is, "because the statute hath made no provision to attaint the felon, if he challenge above the number of twenty."
By the Declaration of Rights, sec. 9, "No free man shall be convicted of any crime, but by the unanimous verdict of a jury of good and lawful *Page 396 
men, as heretofore used." By this regulation the cruel manner of putting a prisoner to death at common law, where he stood mute or challenged peremptorily a greater number than was permitted by law, is altogether done away. Judgment of death could therefore be pronounced only in cases where the prisoner is found guilty on trial by jury, or where he, on his arraignment, confesses the charge by pleading guilty.
By the act passed November, 1777, sec. 94, the prisoner may make a peremptory challenge of thirty-five jurors; but makes no provision to attaint the felon if he challenge above that number, which brings it expressly within the reason above laid down in Hale. It, however, makes an alteration in the manner of the trial of prisoners from what was heretofore used, and not perfectly conformable to the rule laid down in the Constitution; but as it only extends that rule in favor of life, it has passed sub silentio, and never been questioned. Had it been objected to by the counsel for the State, there appears to me great doubt whether the privilege allowed by the act could be supported on (482) constitutional principles. Had the act, instead of increasing the number of challenges, restrained them to a less number than twenty, no Judge would have hesitated a moment to have allowed the prisoner to make his peremptory challenge to the number of twenty, notwithstanding the act. Or the act had directed that in case the prisoner should challenge more than thirty-five, he should suffer peine forte et dure, as at common law, there is no doubt but it would be equally disregarded.
Upon the whole, I am clearly of opinion that the Act of 1777 is only an extension of the number of challenges, which had been restrained by the 22d of H. 8, and that the manner of trying criminals heretofore used is in no other respect altered. That the Judge who, in this case, rejected the challenge, and ordered the jury to be sworn, was warranted in that judgment by legal and constitutional principles; and that the prisoner being found guilty, sentence of death should be pronounced against him.